Rex, J.
The assignments of error and the arguments in? the case present two questions for the determination of this court.
The first question relates to the exemption laws of this-state, and makes the point, whether, by the laws in force, when the debt in question was contracted, June 2, 1866,. the earnings of the debtor for his personal services within the three months next preceding, when necessary for the: use and support of his family, were exempt from being applied to the payment of his debts. The policy of this state, as exhibited by its legislation for more than a quarter of a century, had been to protect the family of a debtor,, in some measure, from the consequences of debts contracted by its head.
In furtherance of this policy, and in addition to the real and personal property then exempt, it was provided by-section 467 of the code of civil procedure, passed March 11, 1853 (S. & O. 940), that the earnings of a debtor for his personal services, at any time within three months next preceding the issuing of an order for his examination *519 under the provisions of the code relating to proceedings .in aid of execution, should not he applied toward the satisfaction of the judgment, where it was made to appear by the debtor’s affidavit or otherwise, that such earnings were necessary for the use of a family supported, wholly or in part, by his labor; and section 194 of the same act provides, that all the property, both real and personal, of. the debtor, “ not exempt by law from being applied to the payment of the plaintiff’s claim,” may be attached to satisfy such claim. Construing the provisions of the code in accordance with the well-established rules on that subject, we have no doubt that by these provisions it was intended to exempt, as well in attachment as under the proceedings in aid of execution, the earnings of the debtor for his personal services for the time prescribed, where the same -were necessary for the purpose named.
The remaining question to be determined is: have the courts of this state authority, upon the petition of a resident who is the head of a family, by injunction, to restrain a citizen of the county in which the action is commenced from proceeding in another state to attach the earnings of such head of a family, with a view to evade the exemption laws of this state, and to prevent such head of a family from availing himself of the benefit of such laws?
The authority of the courts in such a case to restrain a citizen from thus proceeding for the purpose named, is, in our opinion, clear and indisputable.
In exercising this authority, courts proceed, not upon any claim of right to control or stay proceedings in the courts of another state or country, but upon the ground that the person on whom the restraining order is made resides within the jurisdiction and is in the power of the court issuing it. The order operates upon the person of the party, and directs him to proceed no further in the action, and not upon the court of the foreign state or country in which the action is pending. On this subject, Mr. Justice Story, in his Commentaries on Equity Jurisprudence, section 899, says: “Although the courts of one country have no authority to stay *520 proceedings in the courts of another, they have an undoubted authority to control all persons and things within their territorial limits. When, therefore, both parties to a •suit- in a foreign country are resident within the territorial limits of another country, the courts of equity in the latter may act in personam upon those parties, and direct them, by injunction, to proceed no further in such suit.” In such a case, these courts act upon acknowledged principles of public law in regard to jurisdiction. They do not pretend to direct or control the foreign court, but, without regard to the situation of the subject-matter of dispute, they consider the equities between the parties and decree in personam according to those equities, and enforce obedience to their decrees in personam.” Engel v. Scheureman, 40 Ga. 206 ; Dehon v. Foster, 4 Allen, 545; Vail v. Knapp, 49 Barb. 299; Baltimore and Ohio R. R. Co. v. May, ante, 347. Regarding these principles as decisive óf the questions presented for determination in this ease, the motion must be overruled.

Leave refused.

McIlvaine, O. J., Welch, White, and Gilmore, JJ., concurred.